467 So.2d 294 (1985)
STATE of Florida, etc., Appellant,
v.
STATE BOARD OF EDUCATION OF FLORIDA, etc., Appellee.
No. 66473.
Supreme Court of Florida.
March 29, 1985.
Clarification Denied April 3, 1985.
*295 William N. Meggs, State Atty., Tallahassee, for appellant.
Glenn R. Hosken, Division of Bond Finance, Tallahassee, for appellee.
ADKINS, Justice.
This cause is before us on appeal from a circuit court judgment validating $100,000,000 State of Florida, Full Faith and Credit, State Board of Education, Public Education Capital Outlay Bonds, Series 1985, pursuant to chapter 75, Florida Statutes (1983), and article XII, section 9(a)(2) of the Florida Constitution (the "Public Education Bond Amendment"). We have jurisdiction. Art. V, § 3(b)(2), Fla. Const.
On December 18, 1984, the State Board of Education adopted a resolution authorizing the issuance of not exceeding $100,000,000 public education capital outlay bonds pursuant to article XII, section 9(a)(2) of the Florida Constitution, as amended, and sections 215.57-.83 of the Florida Statutes (1983). The following day, the State Board of Education of Florida brought an action in the Circuit Court of the Second Judicial Circuit of Florida to validate the bonds. On January 22, 1985, the circuit court found for the State Board of Education of Florida and issued a final judgment validating the proposed bonds.
In this appeal, we must first determine whether the failure to publish notice of a proposed amendment to the Florida Constitution in two counties in which newspapers of general circulation are published, in contradiction to article XI, section 5(b) of the Florida Constitution, invalidates said proposed amendment after it has been approved by the voters of the state.
The adoption of amendment 8 at the general election of November 6, 1984, was necessary for the issuance of any additional public education capital outlay bonds pursuant to article XII, section 9(a)(2) of the Florida Constitution. The amendment allowed for changes to the definition of gross receipts taxes found in chapter 203, Florida Statutes. Such taxes are the primary source of revenue for bonds issued in accordance with the amendment.
Notice of the proposed amendment was published in newspapers of general circulation in each of sixty-five Florida counties during the tenth and sixth week prior to *296 the November 6, 1984, general election. Such notice was not printed in a newspaper published in Hamilton County, Florida, and only one such notice was printed in a newspaper published in Madison County, Florida, despite a request for publication by the secretary of state's office pursuant to article XI of the Florida Constitution.
The proposed amendment was approved by the electors of the State of Florida on November 6, 1984, by a vote of 2,553,312 to 778,114. The proposed amendment was approved by the voters of Hamilton County, Florida, by a vote of 1,167 to 613 and was approved by the voters of Madison County, Florida, by a vote of 2, 401 to 950. The total number of registered voters certified on October 11, 1984, in Hamilton County was 4,986; the total number of registered voters certified on October 16, 1984, in Madison County was 7,611.
Article XI, section 5(b) provides:
Once in the tenth week, and once in the sixth week immediately preceding the week in which the election is held, the proposed amendment or revision, with notice of the date of election at which it will be submitted to the electors, shall be published in one newspaper of general circulation in each county in which a newspaper is published.
The circuit court addressed the issue of publication of a proposed constitutional amendment and concluded the following in its final judgment:
Publication of proposed amendments being a formality, and not an essential element, of the procedure for amending the Florida Constitution, the publication of Amendment 8 in sixty-five of Florida's sixty-seven counties in the tenth week and the sixth week prior to the General Election of November 6, 1984, constitutes substantial compliance with the provisions of Article XI of the Florida Constitution; the fact that such notice was not published in newspapers of general circulation printed in Hamilton and Madison Counties constitutes harmless error, since, even assuming that all of the registered voters in Hamilton and Madison Counties had voted against Amendment 8, said amendment would have still been approved by an overwhelming majority of voters throughout the State. Furthermore, there has been no suggestion of fraud or bad faith in connection with the passage of Amendment 8, nor has any elector complained to have been deprived of his right to vote in the said election. This Court therefore finds that the Public Education Bond Amendment was validly amended by a vote of the electors of the State of Florida at the general election of November 6, 1984, in accordance with Article XI of the Florida Constitution, and, therefore, the gross receipts taxes as defined by Chapter 203, Florida Statutes, including the amendment thereto contained in Chapter 84-342, Laws of Florida, constitute a legal source of payment for bonds issued pursuant to the Public Education Bond Amendment.
We agree with the circuit court's findings and therefore affirm the validity of article XII, section 9(a)(2) of the Florida Constitution, as amended.
We must next determine whether all of the projects scheduled to be financed by the Series 1985 Bonds are public education capital projects for the state system of public education, as required by article XII, section 9(a)(2) of the Florida Constitution. Section 9(a)(2) provides in part that:
State bonds pledging the full faith and credit of the state may be issued, without a vote of the electors, by the state board pursuant to law to finance or refinance capital projects theretofore authorized by the legislature, and any purposes appurtenant or incidental thereto, for the state system of public education provided for in Section 1 of Article IX of this Constitution (hereinafter referred to as "state system"), including but not limited to institutions of higher learning, junior colleges, vocational technical schools, or public schools, as now defined or as may hereafter be defined by law.
Given the broad language of section 9(a)(2), the fact that the legislature has *297 made a factual determination that all of the projects meet the constitutional requirements, section 1, chapter 84-542, and the fact that legislative enactments are presumed to be valid unless clearly erroneous, arbitrary or wholly unwarranted, Moore v. Thompson, 126 So.2d 543, 549 (Fla. 1961); Miami Home Milk Producers Association v. Milk Control Board, 124 Fla. 797, 800, 169 So. 541, 542 (1936), we find that the projects scheduled to be financed by the Series 1985 Bonds are valid public education capital projects within the meaning of and as required by article XII, section 9(a)(2) of the Florida Constitution.
Accordingly, the judgment of the circuit court validating these bonds is affirmed.
It is so ordered.
BOYD, C.J., and OVERTON, ALDERMAN, McDONALD, EHRLICH and SHAW, JJ., concur.